IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| D'WAYNE BAILEY,<br><br>Petitioner,<br><br>vs.<br><br>DOUGLAS FENDER, ATTORNEY GENERAL OF THE STATE OF MONTANA, STEVE BULLOCK, MIKE BATISTA, LEROY KIRKEGARD, BLAIR HOPKINS, SALLY ADDEN, MYRON BEESON,<br><br>Respondents. | Cause No. CV 16-84-H-DLC-JTJ<br><br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

On September 1, 2016, Mr. Bailey filed a writ for a petition of habeas corpus under 28 U.S.C. § 2254. (Doc. 1.) Mr. Bailey also has a companion 42 U.S.C. § 1983 case pending. *See Bailey v. Kirkegard, et. al*., CV 16-22-GF-BMM-JTJ, Cmplt. (filed March 16, 2016). For the reasons set forth below, this Court finds Bailey has failed to state a cognizable claim for habeas relief and recommends the petition be dismissed.

**28 U.S.C. § 2254 Petition**

Bailey claims that his right to due process is being violated by the Montana Department of Corrections denying him the right to participate in court-ordered

1

programs. (Doc. 1 at 4, ☐ 13(A)(i).) Bailey contends that under Montana law, he has a liberty interest in parole which is protected by the Fourteenth Amendment. He believes this liberty interest has been denied, and that the Montana Department of Corrections has, in effect, violated the plea agreement which Bailey entered with the State. (*Id*. at 5.) Bailey explains he was induced to enter his guilty plea with the understanding he would be eligible for parole upon the completion of certain court-ordered programs. (*Id*.) Bailey contends his current situation, in which he is still ineligible for parole, does not comport with his expectation of parole eligibility upon completion of a minimum term of incarceration. (*Id*. at 5-6.) Bailey believed he would have the opportunity to complete the court ordered program prior to his parole eligibility date. (*Id*. at 6.) Bailey asks this Court to order him transferred to a single cell on the low side of the prison and have him placed in his court-ordered programs and upon completion, order his parole to California. *See e.g.* (Doc. 1-1 at 8.)

Bailey further explains that he believes he has been racially discriminated against during his incarceration and that, as a result, he has been unable to complete the programs he needs to in order to meet the conditions for his parole eligibility. (*Id*. at 8.) This claim dovetails with one that Bailey has made in his companion 42 U.S.C. §1983 case. The Court will take judicial notice of the petition and documents in support filed in this case (Docs. 1, 1-1, and 1-2) and will

2

direct the Clerk of Court to file them into the record of Bailey's pending §1983 matter.

Bailey's confusion relative to the line between habeas and civil rights cases is understandable. The Ninth Circuit has only recently addressed this uncertainty, clearing up its seemingly inconsistent prior opinions. *See generally Nettles v. Grounds*, 830 F. 3d 922, 933 (9th Cir. 2016)(cert. denied No. 16-6556, 2017 WL 69407 (U.S. Jan 9, 2017) (observing that the Circuit has "struggled to draw a line between habeas and §1983 actions."). The *Nettles* court held that "if a state prisoner's claim does not lie at the core of habeas corpus, it may not be brought in habeas corpus but must be brought, if at all, under §1983." *Id*. at 931. There a state prisoner serving a life sentence with the possibility of parole, sought to challenge a prison disciplinary decision under §2254, seeking expungement of the disciplinary report and restoration of his good time credit. The district court dismissed the petition finding "he could not show that expungement of the 2008 rules violation report was likely to accelerate his eligibility for parole." *Id*. at 927. On appeal, the petitioner argued that the dismissal was in error, because if the disciplinary action were expunged, the parole board would "more likely set his next parole hearing at an earlier date…and would be more likely to give him a favorable parole ruling." *Id*. at 934.

Rejecting this argument, the *Nettles* court found that under California state

3

law, "the presence of a disciplinary infraction does not compel the denial of parole, nor does an absence of an infraction compel the grant of parole." *Id*. at 935. Additionally, even if petitioner were successful on his quest for expungement, this "would not even necessarily lead to an earlier parole hearing" because "the decision to grant an earlier release date on the basis of new information is placed in the discretion of the parole board." *Id*. Because success on petitioner's claims would not necessarily lead to his immediate release or earlier release from confinement, the claims did not "fall within the core of habeas corpus." *Id*. The proper place to bring the claim was under §1983. *Id*.

As a preliminary matter, it is worth noting that because Bailey was sentenced after 1989, under state law he does not have a state-created liberty interest in parole. *Worden v. Mont. Bd. of Pardons & Parole*, 962 P. 2d 1157, 1165 (Mont. 1998) (holding that when the Legislature amended the statute in 1989, it eliminated any liberty interest in parole). Additionally, applying *Nettles* to Bailey's case reveals that this matter does not sound in habeas, but rather, if at all, it is a matter to be considered in a 42 U.S.C. §1983 case.

Bailey seems to be operating under the mistaken premise that completion of a minimum amount of time entitles him to release on parole. As Bailey has been informed, both at his sentencing hearing and by the Montana Parole Board, he is ineligible for parole consideration until he completes court ordered conditions.

4

(Doc. 1-2 at 1.) While Bailey acknowledges he has to complete both phase 1 and 2 of the prisoner sex offender treatment program and be in compliance with phase 3 of the same program, he seems to argue he is being prevented from participation in this group. Sex offender treatment is not the only requirement placed upon Bailey. He must also complete an anger management program and an extensive chemical dependency treatment program before he is eligible for parole consideration. *Id*. Moreover, even if Bailey did complete all of these programs, it is still not a guarantee that he will be paroled; completion of these programs "is merely one of the factors shedding light" on whether a prisoner is suitable for parole. *Nettles*, 830 F. 3d at 935; *see also* Mont. Code Ann. §46-23-208(1) (providing the parole board *may* release a prisoner when certain criteria are met). Thus, "success on [Bailey's] claims would not necessarily lead to his immediate release from confinement." *Id*. Accordingly, Bailey's claim must be brought, if at all, under § 1983. *Nettles*, 830 F. 3d at 925.

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues

presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

A certificate of appealability should be denied because there is no doubt Bailey's claim is not cognizable in habeas corpus.

Based on the foregoing, the Court enters the following:

**ORDER**

The Clerk of Court is directed to file Docs. 1, 1-1, and 1-2 into the record in Bailey's companion 42 U.S.C. §1983 case, *Bailey v. Kirkegard, et. al.*, CV 16-22-GF-BMM-JTJ.

**RECOMMENDATION**

1. The Petition (Doc. 1) should be DISMISSED.

2. The Clerk of Court should be directed to enter by separate document a judgment in favor of Respondents and against Petitioner.

3. A certificate of appealability should be DENIED.

**NOTICE OF RIGHT TO OBJECT
TO FINDINGS & RECOMMENDATION
AND CONSEQUENCES OF FAILURE TO OBJECT**

Mr. Bailey may object to this Findings and Recommendation within 14

days.[1] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Mr. Bailey must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address."</u>  Failure to do so may result in dismissal of his case without notice to him.

DATED this 1st day of June 2017.

/s/ John Johnston
John Johnston
United States Magistrate Judge

---

[1] As this deadline allows a party to act within 14 days after the Findings and Recommendation is "served," Fed. R. Civ. P. 6(d) applies, and three days are added after the time would otherwise expire.